UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WAGNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15CV1362 CDP |
| DOUG WORSHAM, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Benjamin W. Wagner (registration no.318902), an inmate at Farmington Correctional Center ("FCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.60 at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

A review of plaintiff's account indicates an average monthly deposit of $63.00, and an average monthly balance of $23.16. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.60, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at FCC, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights which allegedly occurred during his incarceration at FCC.

Plaintiff is a member of the Church of Jesus Christ of Latter-day Saints ("LDS"). He claims that the Missouri Department of Corrections, through defendant Doug Worsham whom plaintiff states is the Supervisor of Religious/Spiritual Program at MDOC, classifies LDS as a General Christian group. He says that Catholicism is in its "own category," but he does not really state what that means. The separate religious groups are given their own money for religious holidays, and each religion celebrates its main holidays according to their own faith. Plaintiff believes that he is being discriminated against because the LDS Church is not given its own classification. He says that other Christians do not believe in the Book of Mormon, and so he is burdened because he cannot preach to them.

Plaintiff sues defendant Worsham individually and in his official capacity. He seeks injunctive relief[1], as well as damages in an amount in excess of $80,000.

## Discussion

Although civil rights pleadings should be construed liberally, at the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be

---
[1] As part of his request for injunctive relief, plaintiff requests separate funds for celebrating Mormon holidays.

conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Plaintiff has not stated the grounds under which he is suing defendant Worsham, noting only that he believes his religious rights have been violated. From the allegations contained in plaintiff's complaint, the Court will assume plaintiff would like to bring an action for a violation of the Free Exercise Clause of the First Amendment.

While prisoners retain their constitutional rights, they are subject to limitations on those rights "in light of the needs of the penal system." *Murphy v. Mo. Dep't of Corr.,* 372 F.3d 979, 982 (8th Cir.2004), *cert. denied,* 543 U.S. 991 (2004). An inmate's constitutional claims are evaluated under a lesser standard of scrutiny, even though such claims would receive strict scrutiny analysis if brought by a member of the general population. *Id.* "A prison regulation or action is valid, therefore, even if it restricts a prisoner's constitutional rights if it is 'reasonably related to legitimate penological interests.'" *Id.* (quoting *Turner v. Safley,* 482 U.S. 78, 89, (1987)).

Plaintiff has not stated enough in his complaint to allege a First Amendment claim against defendant Worsham in his individual capacity under the Free Exercise Clause.[2] Plaintiff has failed to assert any facts alleging that defendant Worsham was directly involved in or personally responsible for a specific violation of plaintiff's rights, *i.e.,* that plaintiff requested something specific related to his religious needs and was denied his request for a discriminatory reason. *See, e.g., Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under §

---

[2]Plaintiff's claims under the Free Exercise Clause against defendant Worsham in his official capacity also fail to state a claim. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*

1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Moreover, plaintiff has not stated the exact nature of his free exercise claim. Plaintiff has not fully articulated a way in which his right to exercise his religion has been burdened, or who or what placed the burden on him. Plaintiff has admitted that he is allowed to exercise his religion, just as the other inmates who practice different religions around him are. However, what plaintiff apparently is seeking is special treatment for **his** religion, which the First Amendment does not provide.

For the aforementioned reasons, plaintiff's First Amendment claim is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of December, 2015.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE