# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WAGNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15CV1362 CDP |
| DOUG WORSHAM, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for reconsideration of the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B). He alternatively asks the court for leave to file an amended complaint. In the Order dismissing the case, the Court found that plaintiff's claims against defendant Worsham, the purported Supervisor of Religious/Spiritual Programming at the Missouri Department of Corrections, failed to state a claim under the First Amendment.

In his motion for reconsideration plaintiff first argues that the "actions of MDOC are through Doug Worsham." Thus, he seeks reconsideration of the dismissal of the claims against defendant Worsham.[1] From this statement, it appears that plaintiff is seeking to allege a respondeat superior claim against defendant. Unfortunately, respondeat superior theories are inapplicable in § 1983

---

[1] Worsham was named in both his individual and official capacities. The official capacity claims were dismissed because neither claims against the State nor its officials can be upheld under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

suits. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). As explained in the Court's December 29, 2015 Memorandum and Order, to allege a First Amendment claim against Doug Worsham in his individual capacity, plaintiff must allege that Mr. Worsham, himself, was directly involved in or personally responsible for a specific violation of plaintiff's rights. *See, e.g., Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Next, plaintiff argues that he has a claim under the Establishment Clause against defendant Worsham. The Establishment Clause of the First Amendment prohibits governments from making any laws "respecting an establishment of religion." Under this clause, "[i]t is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which establishes a state religion or religious faith, or tends to do so." *Lee v. Weisman*, 505 U.S. 577, 587 (1992).

Although there is some question as to what the proper test is for determining whether the Establishment Clause has been violated in different contexts, *see, e.g., Tangipahoa Parish Bd. of Educ. v. Freiler*, 530 U.S. 1251 (2000) (Scalia, J., dissenting from denial of cert.), it appears that the Eighth Circuit employs the *Lemon* test, under which a challenged practice will be upheld only if "(1) it has a secular purpose; (2) its principal or primary effect neither advances nor inhibits religion; and (3) it does not foster an excessive entanglement with religion." *ACLU*

*Neb. Found. v. City of Plattsmouth, Neb.*, 419 F.3d 772, 775 (8th Cir.2005) (citing *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971)). The *Lemon* test is directed primarily at those situations in which the government has allegedly acted to assist an existing religious group, such as where local governments permit religious monuments on public lands, and it therefore is not a perfect fit for claims, such as plaintiff's, as plaintiff does not appear to be alleging that a government actor is "coercing him. . .to subscribe to religion generally, or to a particular religion." *Kerr v. Farrey,* 95 F.3d 472, 478-79 (7th Cir.1996).

Given that plaintiff has not articulated any "coercion" on behalf of Mr. Worsham in his complaint, even if plaintiff had truly brought a claim under the Establishment Clause in his complaint, it would be subject to dismissal. *See, e.g., Strutton v. Meade*, No. 4:05CV2022 ERW, 2010 WL 1253715, (E.D.Mo. March 31, 2010).

Last, plaintiff asserts generally, that there is relevant case law stating that a government cannot, through a <u>governmental policy</u>, advance or set back one religion over another. Plaintiff also generally states that a government cannot force a person to participate in a religion. Plaintiff made neither of these claims in his complaint, *i.e.,* he did not identify such a policy and he did not claim he was forced to participate in a religion which he opposed participating in.

Plaintiff cannot, through a motion for reconsideration with an alternative request to amend, turn generalized and conclusory statements into a motion to

amend his complaint by interlineation. Further, the Court notes that neither of these "statements" now alleged in the motion for reconsideration matches the factual assertions outlined in the original complaint. Thus, these assertions would most likely not relate back to the original complaint in this matter, pursuant to Fed.R.Civ.P.15(c). Moreover, plaintiff has not provided the Court with a proposed amended complaint showing non-futile claims for relief. There is no reason for the court to believe that plaintiff could cure the defects in his pleading by amendment, and his alternative motion to amend the complaint will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. #12] or in the alternative to amend, is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

Dated this 13th day of January, 2016.

						_____
						CATHERINE D. PERRY
						UNITED STATES DISTRICT JUDGE