UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN WAGNER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:15-CV-1362 CDP |
| DOUG WORSHAM, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for injunctive relief. Plaintiff seeks an order from this Court to require the State of Missouri to "return funds withheld on December 5, 2016."

Plaintiff, who is presently incarcerated at Farmington Correctional Center, brought the instant action pursuant to 42 U.S.C. § 1983 on August 31, 2015 against FCC's Supervisor of Religious Programs, Doug Worsham. Plaintiff alleged that his religious rights were being violated at FCC because as a member of the Church of Jesus Christ of Latter-day Saints (LDS), he has been categorized as a General Christian Group. Plaintiff believed he was discriminated against because other Christians did not believe in the Book of Mormon. The Court analyzed plaintiff's claims and found them subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Nevertheless, as a prisoner, plaintiff was required to pay the full amount of the filing fee, pursuant to 28 U.S.C. § 1915.

Plaintiff has sought to waive and suspend his requirement to pay the filing fee on two prior occasions. *See* Docket Nos. #14 and 18. Plaintiff now asks that the Court order the State of Missouri to return money they allegedly seized from plaintiff for filing fee payments to this

Court because, plaintiff states that 28 U.S.C. § 1915 does not allow for the sale of plaintiff's stocks to pay filing fees.

Plaintiff asserts that he purchased stocks for his own income between the years 1997 and 2011, upon which he paid state and federal income tax during those years. Plaintiff claims that the Missouri Department of Corrections withheld 20% of the funds from those stocks in order to pay the federal filing fees on December 5, 2016.

The Court notes that on December 5, 2016, a payment was made into plaintiff's federal account for $10.60 toward his filing fee in this case. In addition, on January 3, 2017, a payment of $103.28 was also paid toward plaintiff's account.

However, what plaintiff fails to understand is that this Court did not ask the Missouri Department of Corrections to sell plaintiff's stock in order to pay plaintiff's filing fee. Rather, if plaintiff sells the stock and places money into his account, 20% of the money in plaintiff's account will then be taken in order to pay his fee, according to the statute. *See* 28 U.S.C. § 1915.

Plaintiff has not attached any evidence of wrongdoing on behalf of the Missouri Department of Corrections to his motion. Rather, his motion is made up of his own conclusory statements, which cannot form the basis for injunctive relief in this instance. If plaintiff truly wishes to bring a motion for injunction against the State of Missouri he must fulfill the *Dataphase* factors. *See Dataphase Sys. v. CL Sys.,* 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc) (to determine whether preliminary injunctive relief is warranted, court must balance threat of irreparable harm to movant, harm to nonmoving party should injunction issue, likelihood of success on merits, and public interest). For each of the aforementioned factors, plaintiff must provide evidence, especially as to plaintiff's likelihood of success on the merits of the matter, *i.e.,* whether MDOC actually illegally sold plaintiff's stock without plaintiff's consent and/or

without the legal ability to do so. Without any evidence of the sale of the stock, the Court must deny plaintiff's request for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for injunctive relief and return of fees [Doc. #20] is **DENIED**.

Dated this 2nd day of March, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE